UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Mark Pasternak,
                Plaintiff,

                                                    **Hon. Hugh B. Scott**

                                                      **Decision**
                     vs                                      **&**
                                                          **Order**

                                                         00CV369
                                                         Consent

Tommy E. Baines, individually
and in his official capacity,
                Defendant

      The issue before the Court is whether the SIU report drafted by Joan Ripp should be admitted into evidence in this case.  After extensive argument and proffer of evidence outside the presence of the jury, the Court has determined the following:

      The availability of Joan Ripp, the investigator who drafted the report, is not at issue inasmuch as the plaintiff does not intend to call Ripp as a witness.  Instead, the plaintiff only wishes to read a portion of Ripp deposition testimony only to establish authenticity of the SIU report.

      Rule 803(8)(C) provides an exception to the exclusion of hearsay evidence for investigative reports "made pursuant to authority granted by law."  In this case, the plaintiff has not identified the specific statute or law under which the investigation in this case took place, but has stated that the investigation was pursuant to the general administrative powers of the agency.

      Notwithstanding the legal authority issue, the trustworthiness of the SIU report has been

called into question.  Assuming a foundation can be established,  Rule 803(8)(C) allows for such a report to be admissible *unless the sources of information or other circumstances indicate a lack of trustworthiness.*  (Emphasis added).  The record, as it has now developed in this case, reflects that several of the witnesses who testified against defendant Baines during the investigation underlying the report *themselves had long-standing and on-going disputes with defendant Baines at the time they gave the testimony upon which the SIU report is based.  The Court notes that at least three of these witnesses subsequently commenced litigation against Baines* – it is undisputed that those claims against Baines in that lawsuit were ultimately dismissed. It appears that the underlying disputes between Baines and these witnesses either preceded or were on-going at the time the witnesses gave the testimony relied upon in the SIU report at issue in this case.  Although not every witness who gave a statement to the SIU investigator was involved in a long-standing dispute with Baines, it appears that half of the material witnesses had a significant history of disputes with Baines. The troubled history between these witnesses and Baines was sufficient to allow for the very real possibility that the witnesses may have formed a bias against Baines.  This possibility of bias was not addressed in the investigation or report in any way.  Indeed, the record reflects that the investigator, Joan Ripp, was not aware of the nature and depth of the disputes between these witnesses and Baines.  The nature of these disputes between Baines and the witnesses over a course of years, undermines the trustworthiness and reliability of the report.

      The admission of the SIU report is problematic in other aspects as well.  It appears that no actual hearing was conducted prior to the drafting of the SIU report which included the factual findings at issue. That actual statements of the witnesses to the investigator were not recorded, but were reduced to writing by Ripp and signed by the respective witness. It is undisputed that

Baines was not allowed to cross-examine any of the witnesses as to the allegations communicated to Ripp by the witnesses. Moreover, it appears that Baines had no practical way of appealing the findings included in the SIU report.

Based upon this more developed record, the Court finds that the report lacks sufficient trustworthiness under Rule 803(8)(C), and that the report is not admissible under that Rule.

The Court also finds that the SIU report is inadmissible under Rule 403, in that even if otherwise admissible under Rule 803, the record as it is now developed, makes it clear that the prejudicial effect of the SIU report significantly outweighs its probative value in this case.

The Court will afford the plaintiff every opportunity to call other relevant witnesses, including those witnesses mentioned in the SIU report to testify in this case.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 13, 2007